**ORIGINAL**

CLERK'S OFFICE
D.C. Atlanta

AUG 28 2003

By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, ) ) ) | Civil Action No. |
| Plaintiff, ) ) v. ) ) | **1:03-CV-2581** |
| LOCAL 527-S, GRAPHIC COMMUNICATIONS UNION OF THE GRAPHIC COMMUNICATIONS INTERNATIONAL UNION, AFL-CIO-CLC, ) ) ) ) | **CC** |
| Defendant. ) ) ) | |

<u>COMPLAINT</u>

COMES NOW, Plaintiff Secretary of Labor, Elaine L. Chao, and alleges as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 ("Act"), 29 U.S.C. §§ 481-84, for a judgment declaring that the December 8, 2002, election of union officers conducted by defendant Local 527-S of the Graphic Communications Union, Graphic Communications International Union, AFL-CIO-CLC, is void, and

FORMS RECEIVED
Consent To US Mag _____ ✓
Pretrial Instructions _____ ✓
Title VII NTC _____

directing defendant to accept new nominations and conduct a new election for all offices under plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337(a), 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Elaine L. Chao is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action by 29 U.S.C. § 482(b).

5. Defendant is an unincorporated association residing in the County of Cobb, within the Northern District of Georgia, Atlanta Division.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

2

7.  Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the Graphic Communications International Union, AFL-CIO-CLC, hereinafter referred to as the International, an international labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j)), and 481(a) of the Act (29 U.S.C. §§ 402(i), 402(j)), and 481(a).

8.  On December 8, 2002, defendant, purporting to act pursuant to the International's Constitution and Bylaws, conducted an election of officers, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

9.  By letter dated December 10, 2002, to Local 527-S, the complainant, Paul Alexander, a member in good standing of defendant, protested the December 8, 2002, election.

10.  By letter dated February 11, 2003, Local 527-S denied the protest.

11.  By letter dated February 16, 2003, the complainant filed an appeal of Local 527-S's decision with the International President.

12.  By letter dated March 19, 2003, the complainant filed an appeal of the Local 527-S's decision to the membership of Local 527-S.

13. Having followed the directive of the union for challenging an election and not receiving a final decision within three calendar months of his initial protest, the complainant filed a timely administrative complaint with the Secretary of Labor on April 8, 2003, in accordance with section 402(a)(2) of the Act (29 U.S.C. § 482(a)(2)).

14. By letter dated May 22, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's December 8, 2002, election would be extended to July 23, 2003.

15. By letter dated July 17, 2003, the defendant agreed that the time within which the plaintiff may bring suit with respect to the defendant's December 8, 2002, election would be extended to August 29, 2003.

16. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the defendant's December 8, 2002, election; and (2) such violations had not been remedied at the time of the institution of this action.

17. Section 401(b) of the Act (29 U.S.C. § 481(b)) was violated in the conduct of the defendant's December 8, 2002, election when members were denied the right to cast their ballots in secrecy in that no physical arrangements were in place by which the members could vote by secret ballot.

18. Section 401(c) of the Act (29 U.S.C. § 481(c)) was violated in the conduct of the defendant's December 8, 2002, election in that the dates, sites and hours of polling in numerous areas were left to the discretion of each of defendant's chapel chairpersons, and the defendant did not provide sufficient notice of the date, sites and hours of polling in these areas to the members and candidates.

19. Section 401(e) of the Act (29 U.S.C. § 481(e)) was violated in the conduct of the defendant's December 8, 2002, election in that the defendant did not mail to its members notice of the election.

20. Section 401(e) of the Act (29 U.S.C. § 481(e)) was violated in the conduct of the defendant's December 8, 2003, election in that members were not provided a reasonable opportunity for the nomination of candidates because the nominations notices failed to contain required information, including the date, time and location of the nomination meeting, and the form of submitting nominations.

5

21. The violations of sections 401(b), 401(c) and 401(e) of the Act (29 U.S.C. §§ 481(b), 481(c), 481(e)) may have affected the outcome of the defendant's election for all offices.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment:

(a) declaring the defendant's election for all officer positions of Local 527-S, Graphic Communications Union of the Graphic Communications International Union, AFL-CIO-CLC, null and void;

(b) directing the defendant to conduct new nominations and a new election for all offices required by the Act to be elected every three years, under the supervision of the plaintiff;

(c) for the costs of this action; and

/ / /

/ / /

/ / /

6

(d)    for such other relief as may be appropriate.


Dated:                                    Respectfully submitted,

HOWARD M. RADZELY                         PETER D. KEISLER
Acting Solicitor of Labor                 Assistant Attorney General

CAROL A. DE DEO                           WILLIAM S. DUFFEY, JR.
Associate Solicitor                       United States Attorney

JAYLYNN FORTNEY                           by: ⟩ mina Rhee
Regional Solicitor                        AMY BERNE KAMINSHINE
                                          Assistant United States Attorney
ANDREW D. AUERBACH                        Ga. Bar No. 006670
Counsel for Labor-Management              MINA RHEE
Programs                                  Ga. Bar No. (N/A)
                                          Assistant United States Attorney
WILLIE B. WHITE                           U.S. Attorney Office
Attorney                                  600 U.S. Courthouse
                                          75 Spring Street, S.W.
U.S. Department of Labor                   Atlanta, Georgia 30303
Of Counsel
                                          (404) 581-6302
                                          Fax: (404) 581-6234

                                          Attorneys for Plaintiff

7

ORIGINAL

# United States District Court

## NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

**SUMMONS IN A CIVIL ACTION**

V.

CASE NUMBER:

**LOCAL 527-S, GRAPHIC COMMUNICATIONS UNION OF THE GRAPHIC COMMUNICATIONS INTERNATIONAL UNION, AFL-CIO-CLC**

**1:03-CV-2581**

**To**:   Ralph Meers
715 Veterans Memorial Highway, S.E.
~~P.O. Box 641~~
Mableton, GA  30126-0641

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Mina Rhee
Assistant United States Attorney
Northern District of Georgia
75 Spring Street, S.W.
Suite 600
Atlanta, GA 30303

an answer to the complaint which is herewith served upon you within __20__ days after the service of this summons upon you exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS

AUG 2 8 2003

| CLERK | DATE |
|---|---|

*Challucher*

(BY) DEPUTY CLERK