FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 27 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ELAINE L. CHAO, Secretary of Labor, :
United States Department of Labor, :
                             :

              Plaintiff, :      CIVIL ACTION NO.
                             :

vs.                         :      1:03-CV-2581-CC

LOCAL 527-S, GRAPHIC :
COMMUNICATIONS UNION OF :
THE GRAPHIC COMMUNICATIONS :
INTERNATIONAL UNION, :
AFL-CIO-CLC, :
                             :

             Defendant. :

## PRELIMINARY ORDER

The Court having read and considered Defendant's Motion for Summary Judgment [Doc. Nos. 11 and 18] and Plaintiff's Motion for Summary Judgment [Doc. No. 14]; and the Court having reviewed and considered the parties' respective responses thereto and replies in support thereof; and the Court having reviewed and considered the entire record in the case; and the Court having conducted a hearing on Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment; and the Court having weighed and considered the merits and demerits of the parties' respective positions; and the Court having applied the applicable law thereto, the Court hereby finds and concludes as follows:

Exhaustion of Union Remedies

1.     On December 8, 2002, Local 527-S, Graphic Communications Union of the Graphic Communications International Union, AFL-CIO, CLC (referred to herein as "Local 527-S" or "Defendant") conducted an election to which complainant Paul Alexander protested in a letter dated December 10, 2002.

2.     Mr. Alexander was obligated to give Local 527-S and the Graphic

Communications International Union (referred to herein as the "GCIU") a fair opportunity to resolve the matter between December 10, 2002, the date on which Mr. Alexander invoked his union remedies, and March 10, 2003. See 29 U.S.C. § 482(a)(2) (allowing a union member to file a complaint with the Secretary of Labor after the union member has invoked remedies available through the union "without obtaining a final decision within three calendar months").

3. Neither the Constitution and By-Laws of Local 527-S nor the Constitution and Laws of the GCIU set forth responsible and responsive procedures for investigating and redressing members' election grievances as required by Wirtz v. Local Union No. 125, Laborers' Int'l Union of North America, AFL-CIO, 389 U.S. 477, 484, 88 S. Ct. 639, 19 L. Ed. 2d 716 (1968).

4. In making the finding in the paragraph above, the Court has not disregarded its obligation to give deference to a union's good faith interpretation of its own constitution and by-laws. See Department of Labor v. Aluminum, Brick & Glass Workers Int'l Union, Local 200, 941 F.2d 1172, 1177 (11th Cir. 1991) (stating that "a union's interpretation of its own bylaws and constitution is entitled to deference"). However, "[t]he union's interpretation of its own documents will be respected only to the extent it is fair and reasonable." Id. Here, the Court is of the opinion that the Defendant's interpretation is not fair and reasonable because Local 527-S relies on provisions that do not pertain specifically to election protests, and there are no provisions in either the Constitution and By-Laws of Local 527-S or the Constitution and Laws of the GCIU that pertain specifically to election protests. Thus, to dismiss the Complaint in the instant case based on Mr. Alexander's failure to adhere to the provisions relied on by Local 527-S would not serve the aim of Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 481-84 (the "LMRDA"), which is to remedy abuses in union elections and to

ensure that union elections comply with fair and democratic processes.

5. In the absence of an established grievance procedure specific to election protests, the Court looks to determine whether the actions taken by Mr. Alexander to protest the election were reasonable under the circumstances. See Donovan v. Sailors' Union of Pacific, 739 F.2d 1426, 1428 (9th Cir. 1984); Dole v. United Auto., Aerospace & Agricultural Implement Workers, 970 F.2d 1562, 1568 (6th Cir. 1992). In considering the reasonableness of Mr. Alexander's action in this case, the Court is mindful that the exhaustion requirement's purpose is to allow unions the chance to remedy Title VI violations without government intrusion. Donovan v. CSEA Local Union 1000, 761 F.2d 870, 874 (2d Cir. 1985). "[A] heavy burden is imposed on the union to demonstrate that it did not have adequate notice of the protest, keeping in mind that 'members should not be held to procedural niceties while seeking redress within their union.'" Id. at 874 (quoting Hodgson v. Local 6799, United Steelworkers, 403 U.S. 333, 341 n. 6, 91 S. Ct. 1841, 29 L. Ed. 2d 510 (1971)).

With the aforementioned principles in mind, the Court believes that Mr. Alexander acted reasonably under the circumstances. Mr. Alexander wrote a letter to Local 527-S and a letter to the GCIU to notify them of problems he had with the nominations process before the election even occurred. Following the election of December 8, 2002, Mr. Alexander wrote a letter to the GCIU dated December 10, 2002, to protest the election. The Local Union president was copied on that letter. After the Local Union denied Mr. Alexander's protest, Mr. Alexander wrote another letter to the GCIU dated February 16, 2003, to appeal the Local Union's denial of his protest. Both of these letters were written within the three-month time period that Local 527-S and the GCIU had to render a final decision on Plaintiff's grievances.

Although the president of the GCIU advised Mr. Alexander in a letter dated February 27, 2003, that he "believed" the Local 527-S's Constitution and By-Laws required Mr. Alexander to appeal to the membership prior to appealing to the GCIU, neither Local 527-S nor the GCIU gave Mr. Alexander instructions as to the procedure for appealing to the membership, and that procedure was not outlined in any written document. Granted, Mr. Alexander did not write a letter to the president of Local 527-S to inquire about any other appealing process available to him through Local 527-S until March 19, 2003, which was after the three-month period. However, this letter missed the three-month deadline by only nine (9) days. The Court is of the opinion that Plaintiff's Complaint should not be barred on this basis, particularly since there is no dispute that both Local 527-S and the GCIU were on notice of Mr. Alexander's complaints regarding the nominations and the election. See Donovan v. Local 3122, Communication Workers of America, 740 F.2d 860, 862 (11th Cir. 1984) (missing deadline imposed by union by two or three days was an "exceedingly technical violation" that did not warrant dismissal of the complaint).

6. Because the "exhaustion requirement is not to be implied inflexibly," Donovan v. Local 1235, International Longshoremen's Ass'n, 715 F.2d 70, 74 (3d Cir. 1983) (citing Hodgson, 403 U.S. at 340-41), the Court believes that proceeding to look at the merits of this case is warranted and within the subject matter jurisdiction of this Court. Local 527-S and the GCIU were aware that Mr. Alexander was complaining of election violations. Both Local 527-S and the GCIU had a fair opportunity to consider and redress the alleged violations in a timely manner, but they did not render a final decision within three months. Thus, the Court holds that the exhaustion requirement was satisfied in this case pursuant to 29 U.S.C. § 482(a)(2).

## Violations of the LMRDA

1.   The Court's review of the record in this case indicates that the election at issue did not comply with Title IV of the LMRDA. First, it is uncontested that Local 527-S did not mail notice of the election to its members in violation of 29 U.S.C. § 481(e). Second, in violation of 29 U.S.C. § 481(b), the election was not conducted by secret ballot in any polling locations except Spartanburg, South Carolina. Third, Local 527-S did not provide members a reasonable opportunity for the nomination of candidates in violation of 29 U.S.C. § 481(e) because the posted notices regarding the nominations meeting did not include the date, time, or location of the nominations meeting. In addition, members of Local 527-S were not informed of the procedure for making nominations. Fourth, insofar as 29 U.S.C. § 481(c) grants candidates the right to have an observer at polling places to ensure a fair election, Local 527-S also violated this provision by not providing sufficient notice of the date, sites, and hours of polling to the members and candidates.

2.   Plaintiff has made out a *prima facie* case that each of these violations may have affected the outcome of the December 8, 2002 election, and Local 527-S has not countered with tangible evidence that the violations did not in fact affect the result. See Chao v. Local 54, Hotel Employees & Rest. Employees Int'l Union, 166 F. Supp. 2d 109, 123-24 (D.N.J. 2001).

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment [Doc. No. 14] and **DENIES** Defendant's Motion for Summary Judgment [Doc. Nos. 11 and 18].

The Court further **DECLARES** that the Defendant's December 8, 2002 election is void and the Court **ORDERS** a new election under the supervision of the Plaintiff.

The Court **INSTRUCTS** counsel for the Plaintiff to prepare a proposed final order for the Court's signature that includes a recitation of the undisputed facts, the

- 5 -

standard for resolving summary judgment motions, and the Court's findings and conclusions included herein. The proposed final order shall be due by Tuesday, February 1, 2005.

SO ORDERED this 27th day of January, 2005.

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE