IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. |
| vs. | : : | 1:03-CV-2581-CC |
| LOCAL 527-S, GRAPHIC COMMUNICATIONS UNION OF THE GRAPHIC COMMUNICATIONS INTERNATIONAL UNION, AFL-CIO, | : : : : : | |
| Defendant. | : : | |

## ORDER

This matter is before the Court on Defendant's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and Motion to Stay Enforcement of the Judgment Pursuant Rule 62(b) and Rule 62(d) [Doc. No. 28]. The Court also considers Plaintiff's Motion for Expedited Consideration of Defendant's Motion to Alter or Amend the Judgment and Motion to Stay Enforcement of the Judgment [Doc. No. 30].

The Court has carefully reviewed and considered the Motion of Defendant Local 527-S, Graphic Communications Union of the Graphic Communications International Union, AFL-CIO ("Defendant" or "the Local") to alter or amend the Court's Order entered on February 3, 2005, and alternatively to stay enforcement of that Order pending an appeal by the Local to the United States Court of Appeals for the Eleventh Circuit. The Court has likewise reviewed and considered the response of the Secretary of Labor. Further, Defendant has advised the Court that it does not intend to file a reply brief in support of its Motion. Therefore, Defendant's Motion is ripe for consideration and Plaintiff is entitled to expedited consideration of the Motion.

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment following its entry. Rule 59(e) does not provide much guidance as to the standard that a court should use to resolve a motion to alter or amend judgment. However, the Eleventh Circuit has stated that "[t]he decision to alter or amend a judgment is committed to the sound discretion of the district court." Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998). The Eleventh Circuit also has equated Rule 59(e) motions with motions for reconsideration. Id. The law is clear that motions for reconsideration "should be reserved for certain limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice." Preserve Endangered Areas of Cobb's History v. United States Army Corps. of Eng'rs, 916 F. Supp. 1557, 1560-61 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996); Johnson v. United States, No. 1:96-CV01757-JOF, 1999 WL 691871, at *1 (N.D. Ga. July 14, 1999); Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc., 972 F. Supp. 665, 674 (N.D. Ga. 1997). Accordingly, the Court utilizes the aforementioned standard in evaluating Defendant's Motion.

Based on the Court's close review of the parties' submissions, the Court finds that Defendant has failed to demonstrate that new evidence has become available, there has been an intervening development or change in the controlling law, or that there is a need to correct a clear error or prevent a manifest injustice. Rather, Defendant makes arguments that it could have made previously when the Court held oral argument on the parties' summary judgment motions on January 27, 2005. Further, inasmuch as counsel for Defendant had an opportunity to review the order prepared by Plaintiff's counsel on the summary judgment motions and that proposed order contained the 120-day timetable that Defendant now challenges, there simply exists no basis for the Court to amend its prior Order. Based on the representation of Plaintiff's counsel, to which Defendant has not responded, the 120-day timetable was specifically identified to counsel for Defendant in writing and by telephone. Counsel

- 2 -

for Defendant did not object to the timetable.  Therefore, the Court must deny Defendant's request that the Court alter or amend its prior Order.

In addition, the Court also denies Defendant's motion to stay.  Both parties acknowledge that the Labor Management Reporting and Disclosure Act (the "LMRDA") provides the following: "An order directing an election, dismissing a complaint, or designating elected officers of a labor organization shall be appealable in the same manner as the final judgment in a civil action, but an order directing an election shall not be stayed pending appeal."  29 U.S.C. § 482(d).  The clear language of this statute precludes the Court from granting Defendant's requested relief.

Based on the foregoing, the Court **DENIES** Defendant's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and Motion to Stay Enforcement of the Judgment Pursuant Rule 62(b) and Rule 62(d) [Doc. No. 28] and **GRANTS** Plaintiff's Motion for Expedited Consideration of Defendant's Motion to Alter or Amend the Judgment and Motion to Stay Enforcement of the Judgment [Doc. No. 30].

The Court therefore **ORDERS** that the Local conduct a new election under the supervision of the Secretary of Labor within 120 days, and as far as practicable in compliance with the union's constitution and by-laws.

The Court **DIRECTS** the Clerk of Court to enter Judgment in accordance with this Court's Order of February 3, 2005, and to mark this case closed.

SO ORDERED this 4th day of March, 2005.


*s/  CLARENCE COOPER*
CLARENCE COOPER
UNITED STATES DISTRICT JUDGE